Curia, per
Butler, J.
By a contract of hire the plaintiff had let one Hopkins have the soda fountain, which is the subject of this suit. Hopkins, while a retailer of soda water, and while he was the special owner of the fountain, placed it with the defendants, who were chemists, to have it filled. The defendants regarding the actual depositor as the true owner, filled the fountain with soda water, and contend that they have a right to retain it until they are paid for their trouble and expense in filling it. Whether they can do so or not depends on the nature of their employment, and their relation to the present plaintiff. They are chemists and are engaged in an employment requiring skill, labor and expense to carry it on. Soda water is prepared by disengaging carbonic acid gas from marble or lime stone by sulphuric acid ; the gas thus generated is pumped with great care into a fountain containing water and soda. The water thus prepared is only valuable while combined with this gas, which will escape by the slightest exposure, and it must always be a difficult matter to draw off the water into another 'vessel without its losing its valuable quality; and the trouble of doing which would be greater than filling the fountain, and also with the risk of the water becoming valueless in the process. I understand that the filling of such a fountain as this would be worth from $5, to $8. Under these circumstances, had the defendants a right of lien on the fountain which they had filled 1 “Lien is the right of detaining the goods of another until some demand be satisfied.” In what particular cases and against whom this right will attach, cannot be indicated with entire certainty and precision. It either arises by operation of law, or is created by express con *190 tract, and may be general; or particular; particular liens exist where persons have a right to retain possession, in respect of labor or money expended on the identical chattel which constitutes the subject of controversy. These are-always favored by the Courts, 1 Atk. 228. The-case referred to was ex'parte, Deeze. The petitioner was a packer and had packed goods for Mr. Norton Nicholl, to whom he hád also lent large sums of money: Nicholl had demands against Deeze; so that there wére mutual accounts between them, when Nichol bécame bankrupt, and Deeze contended that he had a right to retain the goods packed until he was paid his demand by thé assignees of the bankrupt. In giving his judgment the said Chancellor remarks. To be sure, packers may retain goods till they are paid the price and labor of packing; and so other tradesmen may retain in like manner; therefore these goods were in the petitioner’s hands in the nature of a pledge for some part of the debt, that is ; the price of the packing ; and what right has a Court of Equity to say, that if he has another debt due to him from the same person, that the goods shall be taken from him without having the whole paid V The-'goods themselves, in separate, parcels, had no value imparted to them by the packer, they were hot in any wise changed in their original character, as they would have been, if they had been dyed of printed, <&c. They were merely put together for transportation from one place to another. ’ The packer’s labor about their packing gave him his lien. Lo of this soda fountain. Nothing was done to the copper vessel itself; but its contents gave it an additional, value by the labor and skill bestowed on it by the defendants. They, had lost their time and parted with their materials, and that upon the confidence that Hopkins would pay them before the fountain was removed. The plaintiffs take the ground that they are not be affected by the contract 'between Hopkins and the defendants. They certainly gave Hopkins the right to use the fountain as his own while he had it in his possession. By their own act, the defendants have done work for Hopkins on a pledge which he had a right to make. They cannot exonerate him now from his liability under his contracts, or deprive defendants of any right or remedy incident to *191 or resulting from them which were fairly acquired. And whatever rights the defendants have., it was not pretended they did not acquire fairly. The defendants’ lien must he respected rather at the time it was acquired, than suffered to be defeated by subsequent events, over which they could have no control. We are of opinion that the defendants were not guilty of a conversion in retaining possession of the fountain in controversy, under the circumstances existing at the time the demand was made, and think that a non-suit should have been granted, which is accordingly ordered.
We concur. J. S. Richardson, John Belton O’Neall, Josiah J. Evans, D. L. Wardlaw.-
H. Pinckney Walker, for the motion.
T. O. Elliott, contra.